# IN THE COURT OF APPEALS OF IOWA

No. 16-1074
Filed March 22, 2017

IN RE THE MARRIAGE OF HEATHER R. HILMER
AND JAMES O. HILMER

Upon the Petition of
**HEATHER R. HILMER,**
        Petitioner-Appellee,

And Concerning
**JAMES O. HILMER,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.


        James Hilmer appeals the physical-care, visitation, and child-support

provisions of the decree dissolving his marriage to Heather Hilmer.  **AFFIRMED.**


        Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

        Heather R. Hilmer, Wyoming, appellee pro se.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

James Hilmer appeals the physical-care, visitation, and child-support provisions of the decree dissolving his marriage to Heather Hilmer.[1] He contends the district court should have awarded physical care of the children to him. He also asserts that if we modify the award of physical care, the parties' child-support obligations and visitation with their children should also be modified.

We review dissolution cases, which are tried in equity, de novo. Iowa R. App. P. 6.907; *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 483–84 (Iowa 2012). When child custody and physical care are at issue in a marriage-dissolution case, the primary consideration is the best interests of the children. Iowa R. App. P. 6.904(3)(o).

James and Heather were married in 1996 in Worland, Wyoming, where they both grew up. In late 2013, the parties moved with their three minor children to Wyoming, Iowa, for a fresh start.[2] At the time of trial, Heather was still residing in Iowa, while James had returned to the state of Wyoming and was living with his girlfriend and her two children.

After trial, the court entered an order awarding joint legal custody of the parties' children and physical care to Heather with liberal visitation to James. The order provided James was to have visitation with the children during the summer for a total of eight weeks, every spring break, and every other Thanksgiving and winter breaks. James filed a motion pursuant to Iowa Rule of

---

[1] Heather waived her option to file a brief in this matter. *See* Iowa R. App. P. 6.903(3) ("The appellee shall file a brief or a statement waiving the appellee's brief.").
[2] The parties have a fourth child together who is of majority age.

Civil Procedure 1.904(2), requesting that the court reconsider the physical-care and child-support provisions; the district court denied the motion.

At the time of trial, Heather was thirty-nine years old and James was thirty-eight. Throughout the parties' marriage, Heather stayed at home with the parties' children and provided for the majority of their care while James worked outside of the home and provided for the family financially. James worked as an on-the-road truck driver during the time the family lived in Iowa together and was often not able to provide care for the children or participate in their activities.

In its order, the district court noted "James ha[d] not . . . exercised all of the visitation allowed under the temporary orders" and "ha[d] not even regularly communicated with the minor children since he moved [back] to Wyoming," and thus, his relationships with his children had suffered. In contrast, the court recognized "[t]he children clearly have relatively strong bonds with Heather" and "relate well to her." The court determined "[f]orcing the parties' minor children to move to Wyoming and live with James [wa]s likely to create significant backlash because of the poor nature of James'[s] relationship with the children" and "[l]eaving the children with Heather [wa]s more likely to bring the children to healthy physical, mental, and social maturity," even in light of the large family support network that James had in Wyoming.

The district court expressed concern about both parties' past moral decisions and also noted "[t]he parties clearly have significant animosity toward each other." However, in spite of the parties' marital issues and poor decisions, the children appeared to be well-adjusted. Ultimately, the court determined it was in the children's best interests to award physical care to Heather.

Upon our de novo review of the record, *see* Iowa R. App. P. 6.907, along with a careful study of James's brief and the district court's ruling, we conclude the findings of fact and credibility determinations in the district court's lengthy and thorough ruling correctly address the physical-care, visitation, and child-support issues James raises. Giving deference to those credibility findings, *see* Iowa R. App. P. 6.904(3)(g), and having determined the district court correctly applied the governing legal and equitable principles, we approve of the reasons and conclusions of the opinion and conclude a full opinion of this court would not augment or clarify existing case law. Accordingly, we affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**